IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COMMUNITY ALTERNATIVES
NEW MEXICO, INC.
d/b/a RESCARE HOMECARE,
formerly known as
RES-CARE OF NEW MEXICO, INC.,

    Plaintiff,

vs.                                                    12cv476 RHS/ACT

VALUEOPTIONS OF NEW MEXICO, INC.,

    Defendant.

**ORDER DENYING VALUEOPTIONS NEW MEXICO, INC.'s MOTION TO STRIKE PARAGRAPHS 9, 13, 17 AND 20 OF THE AFFIDAVIT OF JERRY DAILEY**

This Court, having considered Defendant ValueOptions New Mexico, Inc.'s Motion to Strike Paragraphs 9, 13, 17, and 20 of the Affidavit of Jerry Dailey (Doc. 59), Plaintiff's Response (Doc. 63) and Defendant's Reply (Doc. 66), concludes that the Motion is not well-taken and will be denied.

Defendant moved for summary judgment (Doc. 41) and attached voluminous exhibits. Plaintiff responded and attached an affidavit (Doc. 51-1) and many pages of exhibits. The affidavit, in paragraphs 9, 13, 17 and 20, referenced "accounting records" or "Res-Care's records." In the pending Motion to Strike, Defendant wishes to strike the four paragraphs that reference records because the affidavit does not cite the records with specificity and make the records part of the case.

According to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, generally considered "time wasters," and should be denied "unless the challenged

allegations have no possible or logical connection to the subject matter of the controversy..." Skyline Potato Co. v. Hi-Land Potato Co., No. CIV 10-698 JB/RHS, 2012 WL 6846386 (D.N.M. Dec. 31, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Proc. § 1382, at 433–36 (3d ed. 2004)) (ellipses in original).  Furthermore, only pleadings are subject to a motion to strike; motions, briefs, memoranda, objections, or affidavits may not be attacked by a motion to strike.  Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009).

  Defendant does not assert that these four references are redundant, immaterial, impertinent or scandalous as listed in Rule 12(f).  Instead, Defendant cites Fed. R. Civ. P. 56(c)(1)(A), which requires a party to support assertions by citing particular parts of materials in the record.  However, this rule does not mention striking the affidavit as a consequence of failing to support the assertion.  Furthermore, Defendant does not cite any binding case law to suggest that the Court has the authority to strike paragraphs of an affidavit merely because the paragraph does not cite with specificity to which part of the record supports the paragraph's point.

  Therefore, ValueOptions New Mexico, Inc.'s Motion to Strike Paragraphs 9, 13, 17, and 20 of the Affidavit of Jerry Dailey (Doc. 59) is DENIED.

              _____
              ROBERT HAYES SCOTT
              UNITED STATES MAGISTRATE JUDGE