IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**COMMUNITY ALTERNATIVES**
**NEW MEXICO, INC.**
**d/b/a RESCARE HOMECARE,**
**formerly known as**
**RES-CARE OF NEW MEXICO, INC.,**

    Plaintiff,

vs.                                                                           12cv476 RHS/ACT

**VALUEOPTIONS OF NEW MEXICO, INC.,**

    Defendant.

## ORDER APPOINTING SPECIAL MASTER

THIS MATTER comes before the Court upon review of the joint Submission of Proposed Special Master Candidates (Doc. 73).  The Court will appoint Mr. William C. Madison, Esq.

Parties were given the opportunity to request a hearing regarding the appointment in accordance with Fed. R. Civ. 53(b)(1) and did not do so by the deadline.  The Court now makes this appointment based on the joint submissions from the parties.  The Court has reviewed the stipulated, ranked list and also counsel's submission to the Court regarding the hourly rates for each candidate.  Mr. Madison is ranked second on the list and his hourly rate indicates that he will be the most cost effective for the parties involved.  Mr. Madison has submitted an Affidavit (Doc. 74) in compliance with Fed. R. Civ. 53(a)(2) and (b)(3) which indicates that he does not have any grounds for disqualification.  If any party contends that Mr. Madison is or should be disqualified for any reason, the parties must file a motion to disqualify him as the Special Master on or before January 2, 2014.

The scope of the Special Master's appointment is to recommend findings of fact regarding the disputed facts presented to the Court in Defendant ValueOptions New Mexico,

Inc.'s Motion and Memorandum in Support of Summary Judgment (Doc. 41), Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment (Doc. 51), and Defendant's Reply (Doc. 60).  Fed. R. Civ. 53(a)(1)(B)(ii).  The Special Master may perform an accounting if necessary to resolve disputed facts, but he need not prepare conclusions of law or a recommended disposition.

The Special Master must proceed with all reasonable diligence.  The Court requests that the Special Master file his report on or before Monday, February 3, 2014 consistent with Fed. R. Civ. 53(e).

The Special Master is to avoid any ex parte communications regarding any evidentiary or substantive matter.  He may request that the parties file supplemental evidence, including but not limited to, existing records, affidavits, or deposition transcripts.  The parties may file these documents as supplemental exhibits to the Motion (Doc. 41) and Response (51) and provide courtesy copies of file-stamped documents to the Special Master.  If the parties do not voluntarily and promptly comply with the Special Master's request that they file supplemental evidence, the parties must notify the Court of their objections to the Special Master's request.

It is anticipated that Plaintiff and Defendant will be equally responsible for compensating the Special Master, though the Court reserves jurisdiction to re-allocate the fees and costs as justice so requires after the Special Master's duties are complete.  The Special Master must maintain standard billing records to submit to the Court and the parties within thirty (30) days of completion of his duties.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE