IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**COMMUNITY ALTERNATIVES
NEW MEXICO, INC.
d/b/a RESCARE HOMECARE,
formerly known as
RES-CARE OF NEW MEXICO, INC.,**

    Plaintiff,

vs.                                                                                  12cv476 RHS/WPL

**VALUEOPTIONS OF NEW MEXICO, INC.,**

    Defendant.

### ORDER DENYING DEFENDANT VALUEOPTIONS NEW MEXICO, INC.'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Motion for Summary Judgment of Defendant ValueOptions of New Mexico, Inc. (Doc. 41). The Court has reviewed the Motion (Doc. 41), the Response (Doc. 51), Reply (Doc. 60), the Recommended Findings of Fact of the Special Master (Doc. 78), Plaintiff's Objections (Doc. 81) and Defendant's Objections (Doc. 82). Additionally, the Court held a hearing on April 16, 2014 (Doc. 88) at which both parties were able to argue their objections to the Special Master's Recommended Findings. After careful review, the Court concludes that Defendant's Motion for Summary Judgment (Doc. 78) will be DENIED.

### OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDATIONS

Collectively, the parties objected to the Special Master's proposed findings in paragraphs 5, 7, 8, 9, 10, 11, 12, 13, 20, 21, 22, 23, 24, 27, 28, 29, 31, 33. At the hearing on April 16, 2013,

the Court heard from both parties on each and every enumerated objection. Defendant withdrew its objection to the Special Master's recommended finding No. 26.

Generally, Defendant as the movant for summary judgment, objected to every finding that there was a genuine issue of material fact that precludes summary judgment. At this point in the litigation, neither the Special Master nor the Court have been asked to find facts and instead have been presented with the question whether there are facts in dispute. The Court agrees with the Special Master that there is a genuine issue of material facts in dispute and therefore overrules Defendant's objections to findings 5, 10, 11, 12, 13, 20, 22, 24, 26, 27, 28, 31 and 33. The Court notes that a finder of fact who is charged with resolving the dispute may find in favor of Defendant on some or many of these issues; however, at this preliminary stage, the Court concludes that the issues are in dispute and preclude summary judgment.

Plaintiff objects to findings that affect the merits of Plaintiff's position, which are findings 7, 8, 9, 21, 23 and 29. The Court overrules the objections to 7, 8 and 9 and adopts the Special Master's findings that, in general, the Single Case Agreements are to be construed as addendums to the Provider Agency Agreement and the Single Case Agreements are not stand alone contracts. As for Plaintiff's objections to 21, 23 and 29, the Court will sustain the objection and leave the final determination to the trier of fact so that concerns regarding claim submission and covered services can be resolved globally.

**STANDARD OF REVIEW ON SUMMARY JUDGMENT**

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

## ANALYSIS

Plaintiff sued Defendant for breach of contract (Count I) and unjust enrichment (Count II) (Doc. 1). Defendant moves for summary judgment by arguing four different reasons as to why Plaintiff's claims should be dismissed. Each argument is listed below.

Statute of Limitations: Defendant moves for summary judgment by arguing that some of Plaintiff's claims are barred by the statute of limitations. See Defendant's Material Fact No. 33. The parties agree that the statute of limitations is six years for breach of contract claims. NMSA 1978 § 37-1-3(A). However, as found by the Special Master (Doc. 78 at 12) there are facts in dispute regarding when the statute of limitations began. Consistent with the state court decision in *Res-Care, Inc. v. State of New Mexico*, No. D-101-CV-2009-01358, the Court concludes as a matter of law that the breach of contract claim accrues on the date Defendant finally denied payment on Plaintiff's claims. Since there are facts in dispute regarding when that occurred and

therefore when the statute of limitations started running, summary judgment must be denied as to this argument.[1]

Breach of contract, claim submission requirements: Defendant moves for summary judgment by arguing that Plaintiff cannot prove that Defendant breached the contract with regard to the claim submission requirements (Count I of the Complaint). Defendant makes eleven sub-arguments, which are ostensibly relying on its undisputed facts, to demonstrate that Plaintiff's breach of contract claim should be dismissed on summary judgment. Defendant proffered its undisputed material facts (Doc. 41 at 2), which are numbered 1-34. However, Defendant does not refer to these facts as numbered when applying the law to the facts in its argument section, so the Court is left to guess as to which of the 34 facts apply to the 11 sub-points in the breach of contract argument. The Special Master found that Defendant's proffered material facts 20, 22, 24, 27, and 28 are disputed and these all appear to relate to sub-arguments regarding Plaintiff's breach of contract claim. Based on the Court's best guess as to which material fact is relied upon to support each of the sub-arguments, the Court finds that too many material facts are in dispute and therefore summary judgment as to breach of contract claim must be denied. The finder of fact must determine these facts if the parties are not able to negotiate a resolution.

Breach of contract, appeals process: Defendant moves for summary judgment by arguing that Plaintiff cannot prove that Defendant breached the contract with regard to appeals process requirements (Count I of the Complaint). Defendant argues that Plaintiff failed to exhaust contractual remedies in the Provider Agency Agreement and therefore Plaintiff does not have a breach of contract claim. In its argument, Defendant does not cite back to its material facts, but the Court presumes that Defendant is relying on material facts 11, 12 and 13, which relate to the

---

[1] The Court notes that the 132 samples identified in Exhibit N (Doc. 41-14) may present a separate issue because Plaintiff may not be able to refute the adjudication dates of those claims. Because summary judgment will be denied, the Court will leave this issue on the table for the trier of fact.

appeals process in the contract. The Special Master recommends finding these facts in dispute. The Court agrees, so summary judgment cannot be granted with regard to this part of the breach of contract claim. The finder of fact must determine what occurred regarding the appeals process if the parties are not able to settle their differences.

<u>Unjust enrichment</u>: Plaintiff sued for unjust enrichment (Count II of the Complaint). Defendant moves for summary judgment by arguing that Plaintiff cannot maintain a claim for unjust enrichment as a matter of law because (1) there is an express contract and (2) the statute of limitations has run for unjust enrichment claims, which is only four years. Plaintiff argues that a jury could find facts to support an unjust enrichment claim. After reviewing the applicable law regarding unjust enrichment claims when an express contract exists between the parties, the Court will deny Defendant's motion for summary judgment at this time. However, the Court notes that Plaintiff's claim for unjust enrichment is on very thin legal ground. Even if this case proceeds to trial, the Court cautions Plaintiff that this claim could be subject to dismissal prior to jury deliberations if Plaintiff does not present evidence to convince the Court that equity should override the express contract. See <u>Arena Resources, Inc. v. Obo, Inc.</u>, 2010-NMCA-061 ¶ 17 (noting that the court should adhere to the express contract unless there is fraud, hardship, oppression, mistake, unconscionable results, etc.).

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is DENIED. In sum, because of the genuine issues of material facts in dispute, Defendant's Motion for Summary Judgment will be denied and the trier of fact will need to resolve the dispute unless the parties are able to settle this Medicaid billing dispute before sending the case to the jury.

The parties are ordered to continue to work toward an amicable resolution of this dispute and notify the Court in writing on or before Friday, May 23, 2014 as to the specific steps taken to address the billing claims and the status of negotiations.  It is not required for lawyers to attend these negotiations; the parties may wish to meet and confer as to a fair outcome independent of litigation.  In the event that the parties are not able to agree on a resolution, the Court encourages the parties to consider submitting to binding arbitration regarding the facts the Court has found in dispute or to seek a declaratory judgment in order to narrow the issues that must be tried to a jury.

IT IS SO ORDERED.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE